# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| The Trustees of the Minnesota Ceramic Tile and Allied Trades Retirement Fund; the Trustees of the Minnesota Ceramic Tile and Allied Trades Promotion Trust Fund; the Trustees of the Minnesota and North Dakota Bricklayers and Allied Craftworkers Health Fund; the Trustees of the Minnesota and North Dakota Bricklayers and Allied Craftworkers Vacation Fund; and the Trustees of the Minnesota Bricklayers Apprenticeship Fund, <br><br> Plaintiffs, <br><br> vs. <br><br> Crystal Tile, Inc., a foreign corporation not qualified to do business in the State of Minnesota; and Michael D. Greer, <br><br> Defendants. | Civil File Number: 06-491 (RHK/JSM) <br><br><br><br> **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT** |

Rosene, Haugrud & Staab, Chartered, by STEPHEN C. KELLY, Esq., of St. Paul, Minnesota, appeared for Plaintiffs.

There was no appearance on behalf of Defendant.

This matter came on for hearing before the Court on August 8, 2006, on Plaintiffs' motion for entry of Co-Defendant Michael D. Greer's default, and for default judgment against Co-Defendant Michael D. Greer and in favor of Plaintiffs in the amount of $4,860.01.

Upon all files, records and proceedings herein, the Court makes the following:

**FINDINGS OF FACT**

1. The Co-Defendant Michael D. Greer was served with the Summons and Complaint in the present action on March 14, 2006.

2. That Co-Defendant Michael D. Greer is neither an infant nor an incompetent person.

3. That Co-Defendant Michael D. Greer has failed to Answer, or otherwise defend, and is in default.

4. Co-Defendant Michael D. Greer is signatory to the Independent Agreement between the Minnesota Tile Contractors Association and the Bricklayers and Allied Craftworkers Union Local No. 1 of Minnesota and North Dakota (Tile Layers and Finishers, Chapter 18).

5. Pursuant to the above-referenced Independent Agreement, Co-Defendant Michael D. Greer is obligated to submit to Plaintiffs' Third-Party Administrator ("TPA") monthly fringe benefit contribution Report Forms indicating the fringe benefit contribution payment amounts due for the prior month.

6. Plaintiffs' TPA conducts periodic fringe benefit compliance audits to determine the veracity of employer monthly reporting of fringe benefit contribution payments.

7. On or before May 9, 2006, Plaintiffs' TPA conducted a fringe benefit compliance audit of Defendants' books and records.

8. The fringe benefit compliance audit summary shows under-reported and unpaid fringe benefit contributions to Plaintiffs for the month of October 2005 in the amount of $5,284.22, plus liquidated damages in the amount of $581.26, for a subtotal of $5,812.64.

Based on its review, the Court reaches the following:

## CONCLUSIONS OF LAW

1. That Plaintiffs' motion for entry of Co-Defendant Michael D. Greer default and for default judgment

in the amount of $4,860.01 pursuant to Rule 55 of the Federal Rules of Civil Procedure is granted.

## ORDER

Based on the foregoing, **IT IS ORDERED** that:

1. Default be Entered by the Clerk against Co-Defendant Michael D. Greer;

2. Plaintiffs' Motion for Default Judgment (Doc. No. 3) is **GRANTED**; and

3. Plaintiffs are entitled to judgment in the amount of $4,860.01 against Co-Defendant Michael D. Greer for delinquent fringe benefit contribution payments in the amount of $5,284.22, liquidated damages in the amount of $528.42, audit fees in the amount of $940.00, attorney fees in the amount of $1,061.50, and costs in the amount of $1,497.15, less payment received from Defendants in the amount of $3,564.12.

Dated: August 8, 2006         s/Richard H. Kyle
                              RICHARD H. KYLE
                              United States District Judge